Dear Mr. Lancaster:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for the Police Jurors of Madison Parish. You indicate since January, 1995 the Police Jurors have been drawing salaries of $800 per month and the President receiving $900, being an increase from $600 and $700 respectively. The increase was accomplished by inclusion in the 1995 budget adopted by the Parish Police Jury without a separate hearing and ordinance on the issue of additional compensation, and was in the budget as the total expenditure for compensation for all police jurors rather than the individual salaries. There was a public hearing notice on the budget without specifying it included compensation and mileage to be paid the police jurors. The procedures surrounding the increase have initiated the following questions:
 1. Is the salary increase for Madison Parish Police Jurors implemented in January 1995 a valid and enforceable salary increase;
 2. Can the Madison Parish Police Jury legally pay a portion of the police jurors' medical insurance premium in addition to the monthly salary, if the salary and premium exceed the compensation permitted under R.S. 33:1233; and
 3. Can the Vice President of the Police Jury legally withhold his signature on the police juror's salary checks if he believes that the amount of the checks are erroneous based upon an opinion of your office that the salary increase was not legally enacted.
In connection with your inquiry as to the legality of the increase in salary you are particularly concerned with the requirement of R.S. 33:1233 that in a police jury system of government the majority of the elected members of the governing authority shall by ordinance "in open public meeting, after hearing which has been advertised in the official journal of the parish on at least two separate occasions within a period of fifteen days preceding the open meeting, provide for the method and amount of compensation and mileage * * * to be paid the member of the police jury of that parish." Your concern occurs from the fact that the notices of a public hearing only put the public on notice that the hearing would be held to discuss the entire budget but did not mention it would include discussion of the method and amount of compensation and mileage to be paid members of the police jury as part of the budget.
We recognize that the procedure set forth in R.S. 33:1233 would best be served with public notice, a hearing and passage of an ordinance specifically directed at increase of salary for the police jurors and president, but this office has recognized, while the better policy would be the adoption of a specific ordinance containing only the subject of salaries, a salary increase set forth in a budget ordinance properly advertised by public notice would suffice to constitute a valid means of establishing salaries. Atty. Gen. Op. Nos. 93-616, 94-219, 95-341.
Following the reasoning of these earlier opinions, we believe the salary increase implemented in January 1995 is a valid and enforceable salary increase which must be signed by the Vice-President under the ordinance passed and setting forth the compensation as a total budget item for all police jurors.
You state partial payment of the medical insurance premium is offered to all parish employees and police jurors, but question the validity of payments for police jurors if the premium and monthly salary exceed the compensation permitted under R.S.33:1233.
As you note, R.S. 33:1233 specifies a maximum on compensation to be received by police jurors, providing that members of the police jury "are authorized to receive compensation not to exceed fifty dollars per day" and "shall not be paid for more than 144 days in a year".
This office opined that any payments for insurance coverage for prescription drugs by the parish to members of the police jury that exceeded the statutory maximum compensation of R.S. 33:1233
would not be authorized by the statute and "would therefore be unlawful". Atty. Gen. Op. No. 91-54.
Similarly, we would conclude that the insurance premium payments and salary herein exceeding the statutory maximum would be unlawful.
In regard to your inquiry whether the Vice President of the Police Jury can withhold his signature on the police juror's salary checks if he believes the amount of the checks are erroneous based upon an opinion of this office, we emphasize that opinions of the Attorney General are only advisory and do not have the force of law. Recognizing this status of Attorney General Opinions, in Atty. Gen. Op. No. 84-670 where the question was presented as to the right of a mayor to ignore what he considered an illegal override of his veto, it was observed while this office was of the opinion that a mayor may be able to ignore an apparently illegal resolution, a court may not reach the same conclusion. Thus, a mayor who chooses to ignore an override of his veto acts at his own peril. Accordingly, it was suggested that in such a situation the filing of a suit for declaratory judgment to obtain a judicial opinion would be advisable.
We would follow the advice of this earlier opinion before the Vice President withholds his signature on the police juror's salary checks rather than acting solely on the conclusions of this office.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR